# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A. DEAN,

        Petitioner,     :    Case No. 3:19-cv-391

  - vs -                            District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

DONNIE MORGAN, Warden,
  Ross Correctional Institution,

                                    :
        Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action, brought *pro se* by petitioner Michael A. Dean under 28 U.S.C. § 2254 to obtain relief from his conviction in the Champaign County Court of Common Pleas of assault and resisting arrest charges. All collateral attacks on criminal judgments are referred to the undersigned by General Order DAY 13-01.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Dean reports that he was convicted May 26, 2017 (Petition, ECF No. 1, PageID 1, ¶ 2.) He appealed to the Ohio Second District Court of Appeals which affirmed his conviction on April 6,

2018. *Id.* at PageID 2, ¶ 9. He did not seek further review by the Ohio Supreme Court. *Id.* He filed an application for reopening of his direct appeal under Ohio R. App. P. 26(B), but that application was denied on August 13, 2018. *Id.* at PageID 3, ¶ 11. The Supreme Court of Ohio declined to review the decision in December 2018. *Id.* PageID 5, citing Sup. Ct. Case No. 18-1302. Dean filed this Petition a year later on December 4, 2019.[1] *Id.* at PageID 15.

Dean pleads one ground for relief:

> **Ground One:** Denied the effective assistance of appellate counsel on direct appeal from a jury trial conviction.
>
> **Supporting Facts:** Assigned appellate counsel failed to read the transcript and discovery with the bill of particulars, then investigate the Urbana City Police Department's tactics in conjunction with the Ohio Adult Parole Authority to circumvent the 4th, 5th, 6th, and 14th Amendments to the Federal Constitution through the use of Ohio Revised Code § 2967.131(C) and 2967.15 where no parole violation warrant was issued and no parole officer was present at the time of the warrantless entry.

(Petition, ECF No. 1, PageID 5.)

Dean raised this claim in the Ohio Second District Court of Appeals when he filed his Application for Reopening under App. R. 26(B), including claims that the Ohio Revised Code did not authorize actions taken by his parole officer and the Urbana Police and, if it did, the statute would be unconstitutional under the Fourth Amendment.

In denying Dean relief, the Second District first held that Ohio Revised Code § 2967.15 does in fact authorize a warrantless arrest by a peace officer at the direction of a parole officer without either a paper warrant or the parole officer's presence. (*State v. Dean*, 2nd Dist. Case

---

[1] Although the Petition did not reach the Clerk until December 11, 2019, Dean signed the Petition on December 4, 2019, and presumably deposited it in the prison mail system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

No.2017CA19, Aug. 13, 2018)(unreported; copy at ECF No. 1, PageID 65, *et seq*.). That interpretation of Ohio law is binding on this Court. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1, 16 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 221 (1982), *Barclay v. Florida,* 463 U.S. 939, 957-58 (1983), citing *Gryger v. Burke*, 334 U.S. 728, 731 (1948). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018)(Thapar, J. concurring).

On the Fourth Amendment question raised by Dean, the Second District found that Officer Molton's initial entry into Dean's home was consensual and that Dean had presented no evidence to the contrary. This would satisfy the Fourth Amendment requirement spelled out by the Supreme Court in *Payton v. New York*, 445 U.S. 573 (1980).

This Court cannot, however, re-examine the Second District's decision on this Fourth Amendment issue. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465, 494-95 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an "unanticipated and unforeseeable application of a procedural rule prevents state court consideration of the merits of the claim." *Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982). In

3

discussing the concept of a "full and fair opportunity," the *Riley* court held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R.Crim.P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See OhioR.App.P. 3(A) and Ohio R.App.P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. *Stone* applies to bar consideration of Fourth Amendment claims in § 2255 proceedings. *Ray v. United States,* 721 F.3d 758, 762 (6th Cir. 2013).

Because Ohio provides an adequate mechanism for litigating Fourth Amendment claims and nothing prevented Dean from using that mechanism, habeas review of this Fourth Amendment claim is barred by *Stone v. Powell, supra*.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma*

*pauperis*.

December 12, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).